JUANA BORRÁS-GINART ET AL., Plaintiffs and Appellants, *v.* FRANCISCO RAMIS-BORRÁS ET AL., Defendants and Appellees.

No. 2433.  Argued June 2, 1925.—Decided July 26, 1927.

*Manuel Tous Soto, Rafael Arce Rollet* and *V. M. Fernández* for the appellants. *Francisco González* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

This action and its appeal have followed the course of another action and its appeal under number 2435 of this court, as they involve similar questions and seek the same results from a common original source. The action was begun in 1916 and disposed of four years later. The appeal was heard five years thereafter on account of successive postponements mostly at the request of the appellants, showing that the parties were not in a hurry to have the appeal

decided, and for this reason we gave preference to other matters pending decision. A settlement has been effected during these days in the other suit No. 2435 which was primordial in that it involved questions more fundamental and important than those of the present suit; therefore we shall proceed to decide this appeal.

The San Juan firm of B. Borrás Bros. went into bankruptcy in 1875, one of their creditors being Guillermo Ramis in the amount of ten thousand *pesos* of the money then in circulation. The firm reached an agreement with its creditors and in 1876 Bartolomé Borrás, one of the partners, secured the payment to his creditors within the following eleven years by mortgaging to them his plantation Santa Catalina situated in Caguas. Seventeen years later, after the death of Bartolomé Borrás, his widow Gerónima Ginart and her two daughters by that marriage, Juana and Catalina Borrás, executed in 1893 a public deed in which, without prejudice to the mortgage security held by Francisco and María Antonia Ramis as heirs of their father Guillermo Ramis by reason of the mortgage executed in 1876 by Bartolomé Borrás in favor of the creditors of B. Borrás Bros., mortgaged to them two properties, one of 60 acres and another of 76.77 acres, to secure the sum of 7,300 Mexican *pesos,* the remainder of their claim of ten thousand *pesos,* offering to pay them that sum in seven years and as interest thereon the payment quarterly in advance of one hundred and thirty Spanish *pesos.* At the same time they left standing the mortgage on the plantation Santa Catalina executed by their father Bartolomé Borrás which they made to include the interest which they bound themselves to pay to the heirs of Ramis. Gerónima Ginart died in 1896 and in 1903, that obligation being still unpaid, the Ramis brothers brought an action of debt in the District Court of Humacao under the executory procedure of the Spanish Law of Civil Procedure then in force against Juana and Catalina Borrás Ginart as

heir of Bartolomé Borrás; against the same parties as heirs of Gerónima Ginart; against Juan Salvá Ginart, the son of Gerónima Ginart by her first marriage; against Bartolomé Salvá Santiago as representative of the rights of his father Antonio Salvá Ginart who died in 1893 before his mother Gerónima, and against Pascual Borrás as liquidator of B. Borrás Bros. In that executory action notice and demand for payment were made on the defendants with the exception of Juan Salvá and Bartolomé Salvá who were absent and their whereabouts unknown, but notice and demand for payment were made on them by publication according to custom. Judgment was rendered in that executory action on July 1, 1903, ordering the judicial sale of the properties of the defendants to pay the debt sued for, but owing to a writ of injunction the execution of the judgment was stayed until June 12, 1905, when under the Act of March 9, 1905, concerning judgments and the manner of satisfying them the court ordered a marshal's sale, in order to pay to the plaintiffs the claim of $4,710.74 adjudged by the court, of the properties of the debtors, particularly the two properties of 60 and 76.77 acres already attached, and that if the proceeds from those properties were not sufficient that the marshal should seize and sell other properties of the defendants. The marshal sold publicly the two properties of 60 and 76.77 acres, and as the proceeds therefrom did not cover the amount of the obligation sued on, he levied on and sold the plantation Santa Catalina in 1905. It appears from a public deed executed in 1909 that by virtue of a writ of execution issued within that executory action the marshal levied on and sold to the Ramis brothers six properties, one of 22.665 acres; another of 53 acres; another of 14 acres; another of 20 acres; another of 15 acres, and another without any mention in the complaint as to its area, which sale was recorded in the registry of property on November 11, 1911. On January 13, 1911, the Ramis brothers sold two of those

six properties to the Juncos López minors and the deed was recorded in 1914; and on the 30th of May, 1916, they sold two more of those properties to Onofre Solano.

Subsequently Juana Borrás Ginart, José and Catalina Borrás Ginart, Bartolomé Salvá and four minors named Salvá Marien represented by their mother and in their capacity as heirs of Antonio Salvá Ginart, sued the Ramis brothers, the Juncos López minors and Onofre Solano. In that complaint where this suit originated a recital is made of some facts related at the outset, as others appear from the evidence introduced during the trial, and the claim is made thereby for the delivery to the defendants of the six properties last sold in the aforesaid executory action, on the plea of nullity of that proceeding, first because after several properties had been sold in the executory action in 1905 the execution creditors obtained from the clerk of the court in 1909 without any order therefrom a new writ of execution under which were sold publicly in September of that year the six properties which are the subject of this suit; second, because the plaintiffs Salvá Marien had not been summoned in the executory action nor did they appear therein, and because Bartolomé Salvá was absent and had not been summoned in said action.

The defendants pleaded several defenses in opposing the complaint and after a trial the complaint was dismissed by a judgment from which the defendants have taken the present appeal. After filing their appeal the appellants withdrew the same as to Onofre Solano and therefore our decision shall refer only to the Juncos López minors and the Ramis brothers.

It does not appear from the record that the writ of execution under which the marshal sold the six properties the subject of this suit was issued without the authority of

the court in 1909, four years, after the sale of the other properties, as has been alleged in the complaint, because all that appears from the evidence is a brief narration of the public deed of September 30, 1909, for the sale of those six properties made by the marshal to the Ramis brothers where it is recited that a writ of execution had been issued to that official but is not transcribed. We do not know, therefore, whether or not it was issued by the authority of the court and have no basis on which to decide the first question propounded by the plaintiffs.

As regards the nullity on the ground of failure to summon the Marien Salvá minors in the executory action which brought about the sale of those properties, we must hold that they were not parties to the said executory action as heirs of Gerónima Ginart, nor have they a right to bring the present action because, as the natural children of Antonio Salvá Ginart who predeceased his lawful mother Gerónima Ginart, they are not entitled in their capacity of natural children to inherit from her in accordance with the provisions of section 943 of the Spanish Civil Code in force at the time of the death of Gerónima and as held in *Soriano* v. *Rexach,* 23 P.R.R. 531.

In regard to the other assignment based on the failure to summon Bartolomé Salvá Santiago who was absent, there is no nullity as alleged, because he was summoned as provided for executory actions in sections 1442 and 1458 of the Law of Civil Procedure, the summons and the demand for payment being made on the other defendants in charge of the property by means of publication and of notices posted in the usual public places.

For the foregoing reasons the judgment appealed from must be affirmed.